UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LAMAR A. LENOIR,
Plaintiff,

vs.

OHIO DEPARTMENT OF REHABILITATION
AND CORRECTIONS, et al.,
Defendants.

Case No. 1:17-cv-586
Black, J.
Litkovitz, M.J.

**ORDER**

Plaintiff, an inmate at the Ohio State Penitentiary and former inmate at the Lebanon Correctional Institution, brings this civil rights action under 42 U.S.C. § 1983 alleging violations of his Eighth Amendment rights by prison employees. This matter is before the Court on defendants' motion to strike (Doc. 24) and plaintiff's response in opposition (Doc. 25), plaintiff's motion for discovery (Doc. 26), and defendants' motion to stay (Doc. 27) and plaintiff's response in opposition (Doc. 28).

**I. Motion to Strike (Doc. 24)**

Pursuant to Fed. R. Civ. P. 12(f), defendants move to strike plaintiff's response to their answer (Doc. 23) from the record. (Doc. 24 at 1). Defendants argue that "[p]laintiff's filing is not permitted by the Federal Rules of Civil Procedure and should be stricken, or at the very least, disregarded by the Court." (*Id.* at 2) (citing *Stoutamire v. Joseph*, No. 1:11-cv-242, 2012 WL 6611441, at *7 (S.D. Ohio Dec. 19, 2012)). Plaintiff opposes defendants' motion, arguing that his reply to defendants' answer "expounds on the facts of the complaint in accordance to case law. . . ." (Doc. 25 at 2).

Motions to strike are governed by Rule 12(f), which provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous

matter." Fed. R. Civ. P. 12(f). Included in Rule 7(a)'s definition of a pleading is "a reply to an answer" if ordered by the Court. Fed. R. Civ. P. 7(a). By the plain language of the rule, a reply to an answer is not appropriate unless ordered by the Court. *Id.* Here, plaintiff filed a reply to defendants' answer in the absence of any such order. Consequently, plaintiff's filing is not permitted by the Federal Rules of Civil Procedure and defendants' motion to strike plaintiff's reply (Doc. 24) is granted.

## II. Motion for Discovery (Doc. 26)

Plaintiff has filed several requests for production of documents with the Court. Plaintiff is advised that he must serve his discovery requests on defendants rather than file them with the Court. *See* Fed. R. Civ. P. 34(a) ("A party may serve on any other party a request within the scope of Rule 26(b). . . ."). Accordingly, plaintiff's motion for discovery (Doc. 26) is **DENIED**.

## III. Motion to Stay (Doc. 27)

Defendants move to stay the proceedings in this matter pending the resolution of plaintiff's related criminal proceedings in the Warren County Common Pleas Court. (Doc. 27 at 1). Defendants note that plaintiff was indicted in January 2017 for third-degree felony assault in the Warren County Common Pleas Court and has not yet been tried for the criminal charges. (*Id.*). Defendants explain that the indictment involves the same facts at issue in this present civil case where plaintiff alleges constitutional violations under the Eighth Amendment. (*Id.* at 1, 4). Defendants argue that the implications of *Heck v. Humphrey*, 512 U.S. 477 (1994) necessitate a stay in this matter until the criminal proceedings against plaintiff are complete. (*Id.* at 2). Defendants also cite several district court cases in the Sixth Circuit and cases in other federal circuits that have "acknowledged that a stay of proceedings is appropriate when the facts of the civil and criminal cases are closely related." (*Id.* at 3). Plaintiff opposes defendants' motion to

2

stay, arguing that the implications of *Heck* do not justify a stay in this matter. (*See* Doc. 28 at 2-5).

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). *See also Hill v. Mitchell*, 30 F. Supp.2d 997, 1000 (S.D. Ohio 1998) ("[T]he Court has inherent power to stay proceedings pending the resolution of the same or related issues in another forum."). In the context of *Heck*, if a plaintiff files a civil claim related to rulings that will likely be made in a pending criminal trial, "it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case . . . is ended." *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) (citing *Heck* at 487-88 n. 8). In determining whether to stay a civil action while a criminal action is pending, courts should weigh the following factors: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest. *Pullen v. Howard*, No. 2:14-cv-104, 2015 WL 145091, at *2 (S.D. Ohio Jan. 12, 2015) (citing *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014)).

After analyzing the above factors, the Court determines that defendants have failed to establish that a stay is warranted under the circumstances of this case. First, the Court is unable to determine the degree of overlap between this civil action and the state-court criminal case

because defendants have not specified the victim of the alleged assault carried out by plaintiff. In his criminal case, plaintiff was indicted on one count of assault in the Warren County Common Pleas Court. In contrast, this civil action involves Eighth Amendment claims against numerous defendants, including defendants Ritchie, Spellman, Green, Hubbard, Snelling, and two unidentified correctional officers, six of whom were not implicated in plaintiff's state court-criminal indictment. *See e.g., Pullen*, 2016 WL 4764894, at *2 (denying defendants' motion to stay civil proceedings due to pending criminal case because the criminal indictment arose solely from plaintiff's alleged altercation with one defendant and there were "numerous additional [d]efendants who were not implicated in [p]laintiff's . . . criminal indictment."). Thus, the Court disagrees with defendants on the issue of the overlap between the civil and criminal cases and finds that the first factor weighs against staying this matter.

The remaining factors also weigh against staying this matter. Although plaintiff has been indicted in his criminal case, plaintiff has an interest in having his civil claims resolved expeditiously. Likewise, "the public is always served when an individual's injuries are remedied in a timely manner." *Pullen*, 2016 WL 4764894, at *3. The docket of plaintiff's state court criminal case reveals that his trial for the assault charge has been rescheduled and continued several times for almost a year. Thus, staying this case would needlessly delay this case for an indeterminate amount of time.

The Court is unpersuaded that *Heck v. Humphrey* justifies a stay in this matter. In *Heck*, the U.S. Supreme Court held that "in order to recover damages for . . . other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or

4

called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. In this case, however, the *Heck* bar does not justify a stay of this civil action because plaintiff has set forth claims against a number of defendants, six of whom were not implicated in plaintiff's state court indictment. As explained above, the state-court criminal indictment involves one count of assault against an unidentified defendant. Moreover, as the District Court in *Pullen* explained, Eighth Amendment excessive force claims are not necessarily barred by a state-court criminal conviction:

> Eighth Amendment claims do not run afoul of *Heck* because the question of the degree of force used by a police or corrections officer is analytically distinct from the question whether the plaintiff violated the law . . . Where there is room for the facts alleged by the plaintiff and the facts essential to the judgment of the state agency to peacefully co-exist, the § 1983 must be allowed to go forward.

*Pullen*, 2016 WL 4764894, at *3 (quoting *Huey v. Stine*, 230 F.3d 226, 260 (6th Cir. 2000), *overruled in part on other grounds by Muhammad v. Close*, 540 U.S. 749, 754-55 (2004); *Lockett v. Suardini*, 526 F.3d 866, 873 (6th Cir. 2008)). As best as the Court can decipher at this juncture, plaintiff's claims do not entirely implicate *Heck* and defendants' motion to stay (Doc. 27) is therefore **DENIED**.

## IV. Conclusion

For the above stated reasons, the Court rules as follows:

1. Defendants' motion to strike (Doc. 24) is **GRANTED**.
2. Plaintiff's motion for discovery (Doc. 26) is **DENIED**.
3. Defendants' motion to stay (Doc. 27) is **DENIED**.

**IT IS SO ORDERED.**

Date: 6/20/18

Karen L. Litkovitz
United States Magistrate Judge

5