# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

LAMAR LENOIR,
Plaintiff,

vs.

OHIO DEPARTMENT OF
REHABILITATION AND CORRECTIONS, et al.,
Defendants.

Case No. 1:17-cv-586
Black, J.
Litkovitz, M.J.

**ORDER**

This matter is before the Court on plaintiff's "motion for an order Fed. R. Civ. P. 7(A), to respond to defendants by plaintiff's request to discovery material, and objections to discovery material thereto." (Doc. 31). As best the Court can discern, it appears that plaintiff may be seeking to compel discovery by defendants. Plaintiff "asks this court to overrule the defendant's 7-18-18, objections to discovery request, that defendant answers do not exist for document production, and in totality." (Doc. 31 at 2). Plaintiff's motion to compel is denied due to plaintiff's failure to show compliance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

Pursuant to Fed. R. Civ. P. 37, motions to compel discovery must include a certification that extrajudicial attempts have been made to secure responses to discovery requests. Fed. R. Civ. P. 37(a)(1) provides: "On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Such a motion "*must* include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id.* (emphasis added). Similarly, S.D. Ohio Civ. R. 37.1 provides that motions relating to discovery "shall not be filed in this Court, under any provision in Fed. R. Civ. P. 26 or 37 unless counsel have first exhausted among themselves all extrajudicial means for resolving the differences. . . ."

Plaintiff's motion fails to include the necessary certification that plaintiff conferred or

attempted to confer with defendants about the instant discovery dispute before filing his motion to compel with the Court. Nor is there any indication from plaintiff's motion that the parties attempted to resolve this dispute before plaintiff filed his motion and sought the Court's intervention. "The obligation of counsel to meet and confer to resolve differences as to discovery disputes is a requirement of the Federal Rules of Civil Procedure as well as of the Local Rules of this Court." *Inhalation Plastics, Inc. v. Medex Cardio-Pulmonary, Inc.*, No. 2:07-cv-116, 2010 WL 1445171, at *2 (S.D. Ohio April 12, 2010). *See also Ross v. Citifinancial, Inc.,* 203 F.R.D. 239, 240 (S.D. Miss. 2001) ("This prerequisite [of a good faith certificate] is not an empty formality. On the contrary, it has been the Court's experience that obliging attorneys to certify to the Court that they have conferred in good faith results, in a large number of cases, in resolution of discovery disputes by counsel without intervention of the Court."). Plaintiff's motion to compel (Doc. 31) is therefore **DENIED** due to plaintiff's failure to show compliance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

In addition, plaintiff has failed to submit his discovery requests and defendants' responses and objections thereto to enable the Court to understand the context of the disputed discovery matters.

Therefore, plaintiff's "motion for an order Fed. R. Civ. P. 7(A), to respond to defendants by plaintiff's request to discovery material, and objections to discovery material thereto" (Doc. 31) is **DENIED.**

**IT IS SO ORDERED.**

Date: 9/12/18

Karen L. Litkovitz
United States Magistrate Judge

2