# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

LAMAR A. LENOIR,
Plaintiff,

vs.

OHIO DEPARTMENT OF REHABILITATION
AND CORRECTION, et al.,
Defendants.

Case No. 1:17-cv-586
Black, J.
Litkovitz, M.J.

**ORDER AND REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Ohio State Penitentiary and former inmate at the Lebanon Correctional Institution, brings this civil rights action under 42 U.S.C. § 1983 alleging violations of his Eighth Amendment rights by prison employees. This matter is before the Court on defendants' motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) (Doc. 36) and plaintiff's response in opposition (Doc. 40).[1] This matter is also before the Court on plaintiff's "motion for an order." (Doc. 41).

## I. Background

Plaintiff was granted leave to proceed *in forma pauperis* and filed his complaint on September 22, 2017. (Complaint, Doc. 3). In his complaint, plaintiff alleges that on October 25, 2016 at 1:00 A.M., defendant Correctional Officer Ritchie entered his cell to escort him to the captain's office. (*Id.* at ¶ 5). Plaintiff alleges that once Ritchie arrived, Ritchie entered his cell and pushed his head against his cell wall several times when cuffing him. (*Id.*). According to plaintiff, defendant Spellman witnessed this action and "asked Ritchie if he wanted her to spray

---

[1] Both parties have submitted supplemental memoranda (Docs. 42, 43). In their motion for judgment on the pleadings, defendants indicated that they would supplement their motion by filing the Court of Claims' decision and final judgment as soon as they were rendered. (Doc. 36 at 10). Therefore, the Court will consider defendants' supplemental memorandum filed on January 24, 2019 (Doc. 42) in addition to plaintiff's supplemental memorandum in response filed on February 8, 2019. (Doc. 43). In addition, plaintiff has filed two supplemental exhibits (Docs. 44, 46). The Court will consider these exhibits to the extent they are relevant to resolving defendants' motion for judgment on the pleadings.

the Plaintiff," but Ritchie said this was unnecessary. (*Id.* at ¶ 6). Plaintiff claims that Ritchie and Spellman created false conduct reports in connection with the incident. (*Id.*).

After leaving the captain's office, plaintiff claims defendant Ritchie took him to the C-Block and used a racial slur. (*Id.* at ¶ 8). Plaintiff alleges he informed defendant Green, the C-Block Supervisor, of the racial slur used by Ritchie. (*Id.* at ¶ 9). Plaintiff claims that defendant Ritchie then pushed him against a crashgate "for no apparent reason" at 1:39 A.M. on October 25, 2016. (*Id.*). Plaintiff alleges that defendant Green was also present during this incident. (*Id.* at ¶ 11). Afterwards, plaintiff alleges that defendant Ritchie took him to a blind spot away from security cameras with defendant Green, struck him several times on the left side of his face, and sprayed mace. (*Id.* at ¶ 13). Plaintiff alleges that he responded in self-defense and tried to retreat by laying down in compliance until other officers arrived. (*Id.* at ¶ 14). While plaintiff was on the ground, defendant Ritchie allegedly continued to execute "unwarranted force." (*Id.*).

Once he was restrained, plaintiff states that defendant Hubbard escorted him to the medical exam room. (*Id.* at ¶ 15). Defendant nurse Snelling stepped out of the room while defendant Hubbard and two unidentified correctional officers beat plaintiff's back and legs. (*Id.*). Defendant Hubbard allegedly stated, "[w]e are real racists on third shift!" (*Id.*). Plaintiff alleges defendant Snelling "falsified the medical documentation by claiming that the plaintiff suffered from no injuries." (*Id.* at ¶ 16). Plaintiff also claims that Ritchie, Green, and Hubbard falsified various reports to cover up the incident. (*Id.* at ¶ 17). Plaintiff claims that other nurses and doctors later verified that he suffered injuries from the above incidents, including a hole in the ear membrane that took 75 days to heal. (*Id.* at ¶ 18).

On September 22, 2017, this Court conducted a *sua sponte* review of plaintiff's complaint and recommended that plaintiff's complaint be dismissed with the exception of his

Eighth Amendment individual capacity claims against defendants Ritchie, Spellman, Green, Hubbard, Snelling, and two unidentified correctional officers. (Doc. 4 at 8). The Court recommended that plaintiff's allegations that defendants Ritchie, Spellman, and Green wrote false conduct reports against him be dismissed for failure to state a claim upon which relief may be granted. (*Id.*). The District Judge adopted the Report and Recommendation on October 30, 2017. (Doc. 12).

**II. Legal Standard**

Courts apply the same analysis to motions for judgment on the pleadings under Rule 12(c) as they apply to motions to dismiss under Fed. R. Civ. P. 12(b)(6). *See Warrior Sports, Inc. v. Nat'l Collegiate Athletic Ass'n*, 623 F.3d 281, 284 (6th Cir. 2010). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007) (internal citation and quotation marks omitted). However, the Court need not accept as true legal conclusions or unwarranted factual inferences. *Id.* (citing *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999)).

To withstand a Rule 12(c) motion for judgment on the pleadings, "a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78

3

(2009)). A "legal conclusion couched as a factual allegation" need not be accepted as true, nor are recitations of the elements of a cause of action sufficient. *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In ruling on a motion for judgment on the pleadings, the Court can consider "exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant[s'] motion [for judgment on the pleadings], so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). *See also Mediacom Southeast LLC v. BellSouth Telecommunications, Inc.*, 672 F.3d 396, 399 (6th Cir. 2012). As such, the Court will consider the state court records attached to defendants' motion for judgment on the pleadings and supplemental memorandum.

**III. Defendants' motion for judgment on the pleadings should be granted.**

Defendants move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) on the basis that plaintiff made a knowing, intelligent, and voluntary waiver of his claims under Ohio Rev. Code § 2743.02(A)(1) by filing suit in the Ohio Court of Claims based on the same set of acts or omissions as this case. (Doc. 36 at 4-6). Defendants therefore argue that plaintiff's claims are barred under the *Leaman* doctrine of the Sixth Circuit. (*Id.* at 4). Alternatively, defendants argue that plaintiff's claims are barred by the doctrines of res judicata and collateral estoppel because his claims have been adjudicated on the merits in the Ohio Court of Claims. (*Id.* at 6-10). Defendants attach plaintiff's complaint and supporting exhibits that were filed in the Ohio Court of Claims on April 20, 2017 to their motion. (Doc. 36-1). Defendants indicated in their motion that the Court of Claims matter proceeded to trial on September 6, 2018 and the parties were awaiting a decision, which would be provided to this

4

Court when available. In a supplemental memorandum in support of their motion for judgment on the pleadings, defendants provide this Court with a copy of the Ohio Court of Claims November 21, 2018 decision and subsequent January 15, 2019 judgment entry. (Doc. 42-1). In that decision, a magistrate for the Ohio Court of Claims recommended that judgment be entered in favor of defendants on plaintiff's claim of excessive force occurring on October 25, 2016. (*Id.*).

Plaintiff opposes defendants' motion and argues that Ohio Rev. Code § 2743.02(A)(1) and (F) state that the *Leaman* waiver is void if the employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner that would take the employee manifestly outside the scope of employment. (Doc. 40 at 2). Plaintiff states that such an act takes the case out of the jurisdiction of the Court of Claims upon a determination from the Court of Claims that the act was outside the scope of employment. (*Id.* at 2-3). Plaintiff also argues that by allowing him to proceed on his Eighth Amendment claims, this Court rendered a decision regarding the defendant employees' actions, putting them outside of the scope of employment. (*Id.* at 3). In his supplemental memorandum in response to defendants' supplemental memorandum, plaintiff maintains that defendants' actions fell outside the scope of their employment. (Doc. 43 at 2). Plaintiff also states that he appealed the decision of the Court of Claims. (*Id.*).

Ohio Rev. Code § 2743.02(A)(1) provides in part that "filing a civil action in the court of claims results in a complete waiver of any cause of action, based on the same act or omission, that the filing party has against any officer or employee. . . ." The waiver applies to federal causes of actions as well as causes of action based on state law. *Savage v. Gee*, 665 F.3d 732, 738 (6th Cir. 2012) ("federal damages claims against state officials are barred where claims based on the same act or omission were previously raised in the Court of Claims. . . .") (citing

5

*Leaman v. Ohio Dept. of Mental Retardation & Dev. Disabilities*, 825 F.2d 946 (6th Cir. 1987) (en banc)). *See also Thomson v. Harmony*, 65 F.3d 1314, 1318 (6th Cir. 1995) (explaining that the Court of Claims Act established a "*quid pro quo*, in which the state consents to be sued in exchange for a plaintiff's waiver of claims against the state's employees").

A plaintiff's choice to pursue relief in the Court of Claims must be "knowing, intelligent, and voluntary." *Easley v. Cooper*, 1:16-cv-338, 2017 WL 4857605, at *2-5 (S.D. Ohio Oct. 25, 2017) (Report and Recommendation), *adopted*, 2017 WL 5594125 (S.D. Ohio Nov. 21, 2017) (quoting *Leaman*, 825 F.2d at 956). In *Leaman*, the plaintiff made a knowing and voluntary waiver of her federal cause of action because she was represented by counsel at the time the Court of Claims action was filed. *Id.* ("The finding that the waiver was 'knowing, intelligent, and voluntary' presumably rests upon the fact that Ms. Leaman was represented by competent counsel when she filed her action in the Court of Claims, and counsel must be presumed to have known what the Court of Claims Act said. Under the circumstances of this case, we consider this an adequate foundation for the finding of voluntariness."). "In contrast, this presumption does not automatically apply to pro se litigants and district courts must make a factual determination as to whether a pro se litigant knowingly, intelligently, and voluntarily waived federal claims when filing suit in the Ohio Court of Claims." *Easley*, 2017 WL 4857605, at *2-5 (citing *Kajfasz v. Haviland*, 55 F. App'x 719, 722 (6th Cir. 2003)).

Here, the Court concludes that plaintiff's federal lawsuit arises from the same acts or omission alleged in the Ohio Court of Claims case. "[A]n identity of claims and defendants is not required" and "[t]he waiver applies to any cause of action, based on the same acts or omissions, which plaintiff may have against any officer or employee of the state." *Easley*, 2008 WL 618642, at *2. In his Court of Claims complaint filed on April 20, 2017, plaintiff pleads the

6

exact same facts stemming from the October 25, 2016 alleged excessive force incidents involving defendants Ritchie, Hubbard, Green, Snelling, and Spellman. Like his federal complaint, plaintiff alleges: (1) defendant Ritchie escorted plaintiff to the captain's office and pushed plaintiff's head against the cell wall while plaintiff was handcuffed (Doc. 36-1 at ¶ 9); (2) defendant Spellman was nearby and asked Ritchie if he wanted her to pepper spray plaintiff (*Id.* at ¶ 10); (3) defendant Ritchie escorted plaintiff to the C-block, used a racial slur, and subsequently pushed plaintiff against the crash gate in defendant Green's presence (*Id.*); (4) in a blind spot away from security cameras, defendant Ritchie struck plaintiff several times on the left side of his face, causing a ruptured ear membrane (*Id.* at ¶ 11); (5) defendant Hubbard escorted plaintiff to medical and beat plaintiff in the back and legs along with two other correctional officers while defendant nurse Snelling got up and left (*Id.*); and (6) after the incidents, three nurses and a doctor documented plaintiff's injuries (*Id.* at ¶ 12). (Doc. 36-1). Based on these allegations, Ohio Court of Claims Magistrate Gary Peterson concluded after a trial that plaintiff did not show "that the force used was unreasonable or unnecessary under the circumstances or that correction officers beached [sic] any duty of care owed to plaintiff." (Doc. 42-1 at 12).

It is a closer call as to whether plaintiff, as a pro se litigant, made a knowing, intelligent, and voluntary waiver of his right to proceed in federal court by filing suit in the Ohio Court of Claims. *See Leaman*, 825 F.2d at 956. Defendants correctly point out that plaintiff has experience litigating pro se habeas corpus cases at both the trial and appellate levels. *See Lenoir v. Warden London Correctional Institution*, No. 3:03-cv-00377 (S.D. Ohio 2003), *certificate of appealability denied*, *Lenoir v. Warden London Correctional Institution*, No. 04-3637 (6th Cir. 2004); *Lenoir v. Warden Southern Ohio Correctional Facility*, No. 3:09-cv-00286 (S.D. Ohio

7

2009), *aff'd*, *Lenoir v. Donald Morgan*, No. 12-3461 (6th Cir. 2012).[2] In addition, plaintiff challenged his criminal convictions pro se and filed a pro se suit in the Court of Claims in 2005 that he voluntarily dismissed. (Doc. 36 at 5).

Nevertheless, this is the first prisoner civil rights lawsuit that plaintiff has filed in federal court. The Court is therefore not convinced that plaintiff made a knowing and voluntary waiver of his right to proceed in federal court. A knowing and voluntarily waiver of the right to proceed with federal claims when filing suit in the Ohio Court of Claims has been found when the pro se litigant has extensive prior litigation experience, including in prisoner civil rights cases. *See Easley v. Bauer*, No. 1:07-cv-37, 2008 WL 618642, at *3 (S.D. Ohio Feb. 29, 2008) (plaintiff was an "experienced litigant" who had filed as many as ten other pro se federal civil actions, including one in which he presented evidence and arguments in a jury trial); *Williams v. Smith*, No. 2:05-cv-845, 2006 WL 2192470, at *10-11 (S.D. Ohio Aug. 1, 2006) (plaintiff proceeded pro se in at least three lawsuits based on the same alleged facts and had an "above-average understanding of the law for a pro se litigant"); *Brooks v. McCoy*, No. 1:15-cv-39, 2015 WL 4538512, at *4 (S.D. Ohio July 27, 2015) (plaintiff had filed "numerous" cases in federal court); *Foster v. Ohio*, No. 1:16-cv-920, 2018 WL 1516776, at *9 (S.D. Ohio Mar. 28, 2018) (prior to filing his Ohio Court of Claims case, plaintiff had filed three cases in the federal district court and had an "extensive litigation history in both Ohio courts and in this federal court. . . .") (Report and Recommendation), *adopted*, 2018 WL 2287987 (S.D. Ohio May 18, 2018); *Cook v. Woodard*, No. 1:17-cv-532, 2019 WL 2352923, at *1 (S.D. Ohio June 4, 2019) ("Plaintiff is an experienced pro se prisoner-litigant who has filed three lawsuits, including this one, over the

---

[2] The Sixth Circuit also denied plaintiff's motion to grant a certificate of appealability and motion for permission to file a second or successive habeas corpus petition in this case. *See* No. 12-4289 (6th Cir. 2013), No. 15-3981 (6th Cir. 2016)

8

same incident"). Because this is the first prisoner civil rights lawsuit that plaintiff has filed in federal court and his litigation history is not as extensive as in the previous cases dismissed by this Court under *Leaman*, the Court concludes that plaintiff did not waive his right to file this federal lawsuit by first filing in the Ohio Court of Claims.

Nevertheless, the Court concludes that plaintiff's claims are subject to dismissal under the doctrine of res judicata. Defendants argue that both claim and issue preclusion bar plaintiff's claims because plaintiff previously filed suit in the Ohio Court of Claims against the Ohio Department of Rehabilitation and Correction ("ODRC") asserting the same claims, facts, and persons as this case. The Ohio Court of Claims subsequently entered judgment in favor of ODRC after a trial on the merits. (Doc. 42-1 at 12).

"The doctrine of *res judicata*, or claim preclusion, provides that a final judgment on the merits of an action precludes the 'parties or their privies from relitigating issues that were or could have been raised' in [that] prior action." *Harris v. Ashley*, No. 97-5961, 1998 WL 681219, at *2 (6th Cir. Sept. 14, 1998) (per curiam) (quoting *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995), in turn quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)). The doctrine applies not only to issues which were actually raised and litigated in the prior action, but also to any issues "which the parties, exercising reasonable diligence, might have brought forward at the time." *Id.* at *3 (internal citation and quotation omitted); *see also Parker v. Gibbons*, 62 F. App'x 95, 96 (6th Cir. 2003) (citing *J.Z.G. Res., Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 213 (6th Cir. 1996) ("Under claim preclusion, a final judgment on the merits bars any and all claims by the parties or their privies based on the same cause of action, as to every matter actually litigated as well as every theory of recovery that could have been presented.")).

9

A federal court must give the same preclusive effect to a state court judgment in a § 1983 action as the judgment would be given under the law of the state in which the judgment was rendered. *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 83 (1984). Thus, "if an individual is precluded from litigating a suit in a state court by the traditional principles of res judicata, he is similarly precluded from litigating the suit in federal court." *Gutierrez v. Lynch*, 826 F.2d 1534, 1537 (6th Cir. 1987) (citation omitted). The federal court must look "to the state's law to assess the preclusive effect it would attach to that judgment." *Id.* Under Ohio law, consideration of a subsequent complaint is precluded under *res judicata* if: (1) there is a final, valid decision on the merits by a court of competent jurisdiction; (2) the second action involves the same parties or their privies as the first; (3) the second action raises claims that were or could have been litigated in the first action; and (4) the second action arises out of the transaction or occurrence that was the subject matter of the previous action. *Portage County Bd. of Commissioners v. City of Akron*, 846 N.E.2d 478, 495 (Ohio 2006) (citation omitted).

The undersigned finds that all four elements necessary for the application of the res judicata doctrine are present in this case. The judgment entered by the Ohio Court of Claims in favor of defendants operates as an adjudication on the merits for res judicata purposes. Although plaintiff's appeal of the Ohio Court of Claims decision remains pending in Ohio's Tenth District Court of Appeals (Doc. 43 at 5), [t]he pendency of an appeal . . . does not prohibit application of claim preclusion. The prior state court judgment remains 'final' for preclusion purposes, unless or until overturned by the appellate court." *U.S. ex rel. Sheldon v. Kettering Health Network*, 816 F.3d 399, 415 (6th Cir. 2016) (quoting *Hapgood v. City of Warren*, 127 F.3d 490, 494 n.3) (6th Cir. 1997)). *See also Cully v. Lutheran Med. Ctr.*, 523 N.E.2d 531, 532 (Ohio Ct. App.

1987) ("It is well-settled that the pendency of an appeal does not prevent the judgment's effect as *res judicata* in a subsequent action") (internal citations omitted).

In addition, the instant case involves the same parties or their privies as the prior action. "A mutuality of interest, including an identity of a desired result," may create privity. *Brown v. Dayton*, 730 N.E.2d 958, 962 (Ohio 2000). *See also Render v. Forest Park Police Dep't*, No. 1:07-cv-489, 2009 WL 1788342, at *4 (S.D. Ohio June 23, 2009) ("That the prior and present parties have similar incentives, powers and opportunities to investigate and litigate is indicative of privity."). Although plaintiff filed suit against the ODRC in his Ohio Court of Claims case, defendants Ritchie, Hubbard, Green, Snelling, and Spellman, as state prison employees, share a mutuality of interest and desired result and thus are in privity with the ODRC. *See Harris v. Karl*, No. 2:05-cv-1133, 2006 WL 2381591, at *1 (S.D. Ohio Aug. 16, 2006) (Report and Recommendation) (holding that state prison employees named in federal civil rights action were in privity with the employees of the Ohio Adult Parole Authority named in the state court action). *Foster*, 2018 WL 1516776, at *10 ("Because Plaintiff's allegations in the prior Court of Claims suit were adjudicated on the merits and involved privies to the same parties, his attempt to bring the same claims in this federal court under a new legal theory is barred."). Further, as explained above, plaintiff's allegations were raised in the Ohio Court of Claims and arise from the same core of operative facts, including the alleged excessive force incidents on October 25, 2016 involving defendants Ritchie, Hubbard, Green, Snelling, and Spellman. Accordingly, res judicata applies to bar plaintiff's complaint and defendants' motion for judgment on the pleadings (Doc. 36) should be **GRANTED**.

### IV. Conclusion

Based on the foregoing, it is **RECOMMENDED** that:

11

1. Defendants' motion for judgment on the pleadings (Doc. 36) be **GRANTED** and plaintiff's complaint be dismissed with prejudice.

It is **ORDERED** that:

1. Plaintiff's motion for an order (Doc. 41) be **DENIED** as **MOOT**.

Date: 8/16/19

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LAMAR A. LENOIR.,
Plaintiff,

vs.

OHIO DEPARTMENT OF REHABILITATION
AND CORRECTION, et al.,
Defendants.

Case No: 1:17-cv-586
Black, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).